IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Marshall ARRIEH, Attorney at Law.

Supreme Court

*No. 87-0221-D. Submitted on briefs November 1,
1989.—Decided November 21, 1989.*

(Also reported in 448 N.W.2d 4.)

For the appellant there were briefs by *Marshall
Arrieh,* Milwaukee.

For the Board of Attorneys Professional Responsi-
bility there was a brief by *John A. Nelson* and *Von
Briesen & Purtell, S.C.,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

The respondent attorney, Marshall Arrieh, appealed
from the referee's recommendation that his license to

practice law be suspended for one year as discipline for professional misconduct. The referee found that he had converted a client's funds to his own use, failed to keep complete records of that client's funds coming into his possession, failed to produce trust account records and other documents subpoenaed in a civil action against him concerning this client's matter, gave false and misleading statements in the course of a deposition concerning his records of those dealings, made false and misleading statements in an affidavit and in testimony in the court action concerning his handling of the client's funds, gave similar false and misleading statements to the district professional responsibility committee investigator and failed to produce trust account records upon request by the Board of Attorneys Professional Responsibility (Board). Attorney Arrieh took the position that an appropriate disciplinary sanction for this misconduct would be either a public reprimand or a three-month license suspension.

We determine that the recommended discipline is appropriate and we impose a one-year suspension on Attorney Arrieh's license to practice law. Notwithstanding that there is no allegation that he actually spent client funds for his own personal purposes, Attorney Arrieh did not place those funds in a client trust account, as required by rule, but deposited them in a personal investment brokerage account from which they were subject to being automatically withdrawn to pay for his investment activities. In so doing, Attorney Arrieh placed his own personal interests above those of his client with respect to the safeguarding of the client's funds. Moreover, when his handling of the client's funds was questioned, both in a circuit court proceeding and in the course of investigation by the disciplinary authorities, Attorney Arrieh gave false and misleading statements

and failed to produce records of his trust account transactions. Taken together, these violations of the rules of professional conduct are sufficiently serious to warrant a one-year suspension of his license to practice law.

Attorney Arrieh was licensed to practice law in Wisconsin in 1946 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding.

The referee, the Honorable John A. Fiorenza, reserve judge, made findings of fact based on testimony presented at the disciplinary hearing and matters to which the parties had stipulated. Those facts arose out of Attorney Arrieh's representation of a woman in 1982 concerning the sale of her business. As part of that transaction, Attorney Arrieh received a check for $100 earnest money and a $10,000 cashier's check from the buyer, together with a promissory note for the balance of the purchase price.

When it was later discovered that the assets of the business were subject to a prior security agreement and that an underlying land contract was in foreclosure, the buyer demanded rescission of the sale and return of the $10,000 payment. Attorney Arrieh failed to return the money and, in October, 1983, the buyer filed a civil action against him and his client, alleging the sale was fraudulent.

At the time Attorney Arrieh acted in this matter, he maintained a client trust account in one bank, a law office account in another bank and two personal accounts at an investment company, one of them a "ready assets trust" and the other an account for stock transactions. The ready assets account provided for automatic transfer of funds into the stock transaction account as necessary for Attorney Arrieh's stock dealings.

When Attorney Arrieh received the funds on his client's behalf on November 20, 1982, he cashed the $100 earnest money check on January 5, 1983 at the bank where he maintained his law office account. He subsequently deposited the $10,000 cashier's check, together with other funds, into his law office account. The office account had a balance of $1,500 prior to that deposit; thereafter the balance was $20,571. Attorney Arrieh then wrote a $15,000 check on that account and deposited the proceeds into his ready assets account, where they remained until January, 1984.

In January, 1984, Attorney Arrieh issued two checks written on his client trust account to his client, one for $100 and the other for $10,000, representing the payments from the buyer he had received on his client's behalf in November, 1982. Three days later, he had the client give him two checks, one for $100 and one for $10,000, which he deposited in his client trust account. Two weeks later, he wrote a $10,000 check on the ready assets trust account payable to himself and deposited it into his client trust account. In September, 1984, Attorney Arrieh paid $10,000 from his trust account into the circuit court to be held pending disposition of the action against himself and his client.

While that action was in progress, Attorney Arrieh was subpoenaed to appear for a deposition in January, 1984 and produce all documents and writings concerning his receipt and disbursement of the $10,000 check. When he failed to produce those records at the deposition, the buyer's attorney filed a motion for contempt, which resulted in a court order directing Attorney Arrieh to appear at another deposition and produce the requested records. Attorney Arrieh again failed to produce them and the court issued an order to show cause for con-

tempt, requiring Attorney Arrieh to appear and produce the records.

Attorney Arrieh again failed to produce his trust account records and another motion for contempt was filed. The court again ordered him to appear for deposition and produce the documents. In response to that order, Attorney Arrieh did produce a ledger sheet he had prepared, purporting to show the dates and amounts of all funds received and disbursed on behalf of his client in this transaction, but he did not produce any original trust account documents. The ledger sheet showed merely receipt of a $100 check and a $10,000 check in November, 1982 and disbursement checks in those amounts in January, 1984. The next transaction shown on this ledger sheet was receipt of a $100 check and a $10,000 check from his client in January, 1984. Attorney Arrieh testified at the deposition that this ledger sheet was a trust account record for his client but he failed to produce any deposit slips, check stubs or cancelled checks relating to the transaction.

In the course of the court action, Attorney Arrieh filed an affidavit in which he stated that he first deposited the two checks received from the buyer into his law office account because they were third-party checks and the bank where he maintained his client trust account would not accept them for deposit in that form. At trial Attorney Arrieh first testified that he had placed the $100 earnest money check into his trust account but then admitted to having first cashed it; he then testified that he took the cash and deposited it into his trust account. He also testified that he deposited the $10,000 check into his law office account because the other bank would not accept for trust account purposes a check made out to a third party. He further testified that he deposited those funds in his trust account, showing the

ledger sheet as evidence of that fact. He also testified that the $15,000 check he had issued from his law office account to the ready assets account was not related to and had no bearing on the issues in the pending case.

When subsequently interviewed in the course of the disciplinary investigation, Attorney Arrieh stated that he first deposited the $10,000 check into his law office account and then put those funds in his client trust account. When asked by the Board to produce all records in his possession concerning the receipt and disbursement of the $10,000 he received on his client's behalf, Attorney Arrieh produced only photocopies of the two checks he paid to his client from his trust account in January, 1984. The Board then requested photocopies of the checks he had received from the buyer in November, 1982, together with all trust account records covering the relevant period. Attorney Arrieh told the Board that he would do so by October 2, 1986, but did not furnish any trust account records until December 5, 1986, the evening prior to the Board's scheduled review of the investigative report concerning this matter.

At the hearing in this disciplinary proceeding, Attorney Arrieh again claimed that the reason he originally deposited the $10,000 check into his law office account was that the bank where he maintained his client trust account had a policy prohibiting the direct deposit of third-party checks. However, the branch manager of that bank testified that the bank had no such policy.

On the basis of these facts, the referee concluded as follows. Attorney Arrieh's failure to promptly place client funds into a client trust account violated SCR 11.05(1) [1] and 20.50(1);[2] his failure to maintain complete

---

[1] The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

records of the client's funds coming into his possession violated SCR 11.05 and 20.50(2)(c);[3] his cashing the $100 check and depositing the $10,000 check into his law office account and then into his ready assets investment account constituted conversion of client funds, in violation of SCR 20.04(4). [4] The referee also concluded that Attorney Arrieh's failure to produce trust account records and documents relating to the sale transaction which he had been ordered to produce by the circuit court on three occasions constituted disregard of court orders, in violation of SCR 20.40(1).[5]

The referee further concluded that the ledger sheet Attorney Arrieh produced, purporting to show dates and amounts of all funds in his trust account held on behalf of this client, was false and misleading, as it represented that he held those funds in his trust account when, in fact, no funds of this client had been on deposit in the client trust account between November, 1982 and January, 1984; thus, he created and presented false evidence, in violation of SCR 20.36(1)(f) [6] and SCR 20.04(4). Likewise, the false statements in his affidavit filed in the court action and his false testimony concerning the handling of his client's funds violated SCR 20.04(4) and 20.36. Finally, Attorney Arrieh's false statements to the district committee investigator violated SCR 20.04(4)

[2]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

[3]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(e).

[4]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[5]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:3.4.

[6]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:3.3.

and his failure to comply with requests from the Board to produce trust account records violated SCR 22.07.

As discipline for this misconduct, the referee recommended that Attorney Arrieh's license to practice law be suspended for one year. The referee further recommended that Attorney Arrieh be required to pay the costs of this proceeding.

We adopt the referee's findings of fact, as they were not contested in the appeal and are not clearly erroneous. We also adopt the referee's conclusions of law based on those facts.

In this appeal, Attorney Arrieh contended that he deposited client funds in the ready assets investment account at the request of his client's brother, who was acting on his sister's behalf in the sale transaction. He claimed he did so because funds in that account were earning 12 percent interest, while a regular savings account was paying interest of less than half that amount. Contrary to those assertions, the referee specifically found that the client understood that her funds were held in a trust account and was never aware that they were in any other account. She also testified that Attorney Arrieh never gave her an accounting of those funds and never informed her that they were earning interest. For his part, the client's brother testified that he and his sister had asked Attorney Arrieh to hold the funds in a trust account until closing and that they be placed in an interest-bearing account.

Attorney Arrieh also asserted that his affidavit and testimony in the court action that he deposited the $10,000 check in his client trust account were accurate, as the funds from that check were eventually deposited into the trust account. Attorney Arrieh, however, ignored the fact that for a period of 14 months his client's $10,000 were held not in his trust account but in

his own personal investment-related account. He contended that his statements were appropriate and proper as a defense in the lawsuit against him and that he had not been asked the right questions to elicit a complete response.

Attorney Arrieh's argument also ignored the fact that the ready assets trust account in which the client's $10,000 was held for over a year had an automatic transfer provision by which funds from that account would be automatically transferred into Attorney Arrieh's stock transaction account. Thus, the client's funds were commingled with Attorney Arrieh's personal funds and readily available to pay for his stock purchases, if needed.

In determining appropriate discipline for Attorney Arrieh's misconduct in this matter, we note there is no contention that Attorney Arrieh used the client funds he had deposited in his personal investment account or that he intended to do so. Nevertheless, Attorney Arrieh did not afford those client funds the protection required by our rules. Rather, he commingled those funds with his own in a personal account in which they were at risk to be used, without his specific authorization, to fund his investment transactions, in the event his own funds in that account were insufficient to do so. Further evidence that Attorney Arrieh treated those client funds as his own is the fact that he made no accounting to the client concerning the funds nor informed her that they were earning interest. Indeed, when he issued the two checks from his trust account to his client in 1984, they did not include any interest the client's funds had earned in the ready assets account.

In addition to his mishandling of client funds, Attorney Arrieh repeatedly attempted to conceal that misconduct, first in the circuit court proceeding and then in the course of a disciplinary investigation. Fur-

ther, when confronted, he attempted to justify his actions by invoking a nonexistent bank policy concerning deposit of third-party checks into his client trust account.

The seriousness of Attorney Arrieh's professional misconduct in this matter warrants the suspension of his license to practice law and we suspend his license for one year.

IT IS ORDERED that the license of Marshall Arrieh to practice law in Wisconsin is suspended for a period of one year, commencing January 1, 1990.

IT IS FURTHER ORDERED that within 60 days of the date of this order Marshall Arrieh pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Marshall Arrieh to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Marshall Arrieh comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

STEINMETZ, J., did not participate.