IN the MATTER OF REINSTATEMENT OF the LICENSE OF
Marshall ARRIEH, to Practice Law.

Supreme Court

*No. 92–0397–D. Filed October 12, 1994.*

(Also reported in 522 N.W.2d 217.)

PER CURIAM. *Attorney reinstatement proceeding; reinstatement denied.*

We review the report of the Board of Attorneys Professional Responsibility (Board) recommending that the petition of Marshall Arrieh for the reinstatement of his license to practice law in Wisconsin be denied on the ground that, while his license was suspended, Mr. Arrieh engaged in improper conduct as a real estate broker. In 1989, the court suspended Mr. Arrieh's license to practice law for one year as discipline for his conversion of client funds, failure to keep complete records of that client's funds coming into his possession, failure to provide trust account records subpoenaed in a civil action against him concerning that client's legal matter, giving false and misleading statements in a deposition concerning his records of those dealings and in an affidavit and in testimony in the action and giving false and misleading statements to the district professional responsibility committee investigating his misconduct and failing to produce trust account records upon request of the Board. *Disciplinary Proceedings Against Arrieh,* 152 Wis. 2d 147, 448 N.W.2d 4 (1989).

In January, 1992, the court denied Mr. Arrieh's reinstatement petition on the grounds that during the period of suspension he continued to practice law and display signs and use stationery and telephone directory listings identifying him as an attorney, failed to timely notify the court in two pending matters that his license had been suspended and failed to inform a former client of his suspension when she asked him to represent her in a legal matter.

In 1993, while the prior suspension remained in effect, the court suspended Mr. Arrieh's license for an additional six months as discipline for his failure to

properly account for the receipt and management of client funds and property over an extended period of time and for his attempt to induce the client to withdraw a grievance filed with the Board in respect to that misconduct and for attempting to mislead the Board that his client wanted to have the grievance withdrawn. *Disciplinary Proceedings Against Arrieh,* 174 Wis. 2d 331, 496 N.W.2d 601 (1993). His conduct as a real estate broker considered in this reinstatement proceeding concerned his working for the man who was his client in the legal matters that led to his 1993 license suspension.

The district professional responsibility committee to which the instant license reinstatement petition was referred conducted an investigation and held a public hearing in the matter. That committee found that, while representing the former client in March and April, 1993 as real estate broker, Mr. Arrieh had the man sign a $7,000 promissory note claimed to be owing to him for management services he had performed as the man's attorney. That claimed indebtedness also had been the subject of the 1993 disciplinary proceeding. The client's son testified that he was not aware of the purpose of the promissory note Mr. Arrieh had his father sign, even though he regularly read and approved written documents submitted to his father, who was legally blind and for whom English was his second language.

The evidence presented to the committee also established that Mr. Arrieh had conducted negotiations with a person who offered to purchase his former client's real estate for $20,000. Soon thereafter, Mr. Arrieh had his client sign a listing contract for the property, specifying a selling price of $35,000, but he did not tell his client of the $20,000 offer he had

received. Thereafter, without the client's knowledge or consent, Mr. Arrieh drafted a counteroffer setting a purchase price of $40,000 and signed that counteroffer pursuant to a power of attorney the client had given him in 1985, despite the fact that the client thereafter had filed a grievance with the Board complaining of Mr. Arrieh's conduct as his attorney, which grievance resulted in Mr. Arrieh's 1993 license suspension.

The evidence further disclosed that, in respect to the sale of the property, Mr. Arrieh had entered into a side agreement with a former tenant of the client's property by which the former tenant would receive proceeds from the sale for improvements that had been installed in the building while the former tenant occupied it. There was some disagreement whether that property constituted removable items or building improvements but it was undisputed that Mr. Arrieh did not inform his client of any of the negotiations with the former tenant.

In its report to the Board, the district committee expressed concern that Mr. Arrieh's lack of communication with his client in the real estate transaction was similar to the misconduct for which he previously had been disciplined as an attorney and concerned the same client. In light of Mr. Arrieh's reliance on the power of attorney, his failure to disclose significant information to his client concerning the sale of the real estate and his negotiating a side deal with the former tenant, the committee questioned Mr. Arrieh's understanding of the nature and impact of a fiduciary relationship and whether he has a proper understanding of and ability to conform to the standards of conduct imposed upon attorneys.

Based on the evidence before the district committee, the Board concluded that Mr. Arrieh failed to meet

his burden under SCR 22.28(4)(e)[1] to establish that his conduct since the suspension of his license has been exemplary and above reproach. The Board found that he had a clear conflict of interest in the real estate matter in representing the owner and at the same time attempting to strike a deal with a former tenant that could have deprived his client of up to $15,000 in sale proceeds. The Board also found that Mr. Arrieh demonstrated a fundamental lack of loyalty toward his client by failing to disclose relevant information regarding the sale of his property.

We determine that Mr. Arrieh's petition for the reinstatement of his license to practice law must be denied. By his conduct in the real estate proceeding while his license to practice law was suspended, Mr. Arrieh has continued to demonstrate an unwillingness to pursue diligently and faithfully the interests of those who have retained his services and place their interests above those of others, including his own.

IT IS ORDERED that the petition for the reinstatement of the license of Marshall Arrieh to practice law in Wisconsin is denied.

---

[1] SCR 22.28 provides:

**Reinstatement.**

. . .

(4)  The petition for reinstatement shall show that:

. . .

(e)  the petitioner's conduct since the suspension or revocation has been exemplary and above reproach.